IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**WILLIAM WHITTMAN**

    **Plaintiff,**

v.

**PENSKE AUTOMOTIVE GROUP, INC.,** *et al.,*

    **Defendants.**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Case No. 1:21-cv-03156

## MEMORANDUM OPINION

Plaintiff William Whittman filed an Amended Complaint[1] against Defendants related to the purchase of his Mercedes-Benz in 2019. Pending before the court is a Petition for Order to Arbitrate filed by Defendants Penske Automotive Group, Inc., PAG Chantilly M1, LLC, dba Mercedes Benz of Chantilly, and Bert O'Neal (the "Dealership-Defendants"). (ECF No. 17; the "Petition.") Plaintiff failed to respond to the Petition; and no hearing is necessary. For the reasons articulated in this memorandum opinion, the Petition shall be **GRANTED** by accompanying order.

### I.    BACKGROUND

It appears undisputed that on or about June 14, 2019, Plaintiff purchased a 2016 Mercedes-Benz C-Class from Mercedes-Benz of Chantilly in Chantilly, Virginia (the "Dealership"). (ECF No. 27-1, Exhibit A, ¶¶ 1-9.) On the same day, and in connection with his vehicle purchase, Plaintiff entered a Buyer's Order Contract with the Dealership, which contained an Arbitration Agreement. (ECF No. 17, Exhibit 1, *Buyer's Order*, p.2.) The Arbitration Agreement provides in pertinent part:

---

[1] Plaintiff filed his initial Complaint on December 10, 2021 (ECF No. 1). Plaintiff filed an Amended Complaint on April 21, 2022 (ECF No. 27).

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Agreement, and the arbitrability of the claim or dispute), between you and us or our employee, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, your purchase or financing contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign your purchase or financing contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by court action.

(*Id.*) Following receipt of the Complaint, by letter dated March 30, 2022, counsel for the Dealership-Defendants notified Plaintiff that the Dealership-Defendants had elected to resolve the dispute through arbitration pursuant to the Arbitration Agreement. (ECF No. 17, Exhibit 2, *Notice Letter to William Whittman*.) Despite the demand for arbitration, Plaintiff declined to submit to arbitration and the Complaint remains pending against all Defendants.

## II.   LEGAL STANDARD

The Federal Arbitration Act (the "FAA") provides in relevant part:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4.
>
> .   .   .   .
>
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 [28 USCS §§ 1 *et seq*.], in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in

>such agreement. Five days' notice in writing of such application shall be served upon the party in default.

9 U.S.C.A. §§ 2, 4 (West).

The FAA, by its terms, does not extend discretion to the court but rather "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) (emphasis in original). "Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Perry v. Thomas*, 482 U.S. 483, 489 (1987) (quoting *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983)). Accordingly, the effect of Section 2, is to "create a body of federal substantive law on arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Id.*

### III.   ANALYSIS

A. *The Dealership-Defendants and Plaintiff agreed to arbitrate disputes arising out of the Buyer's Order Contract.*

"The first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp., v. Soler Chrysler-Plymouth*, 473 U.S. 614, 625 (1985). "… [T]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. "Thus, as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp.,* 473 U.S. at 626.

In the case *sub judice,* the parties agreed to arbitrate the present dispute. Plaintiff alleges that the Dealership-Defendants and Toyota-affiliated Defendants colluded or conspired to deny

3

him GAP insurance coverage sold to him when he purchased his car. *See generally,* (ECF No. 27, *Amended Complaint*). This dispute "arises out of or relates to [Plaintiff's] credit application, purchase or condition of this vehicle," and/or "…[Plaintiff's] purchase or financing contract or any resulting transaction or relationship" as provided in the Arbitration Agreement. Plaintiff does not contest he entered the Arbitration Agreement. It follows, therefore, that Plaintiff and the Dealership-Defendants intended to arbitrate any disputes described in the Arbitration Agreement.

    B. ***There are no legal constraints outside of the Arbitration Agreement that foreclose the arbitration of Plaintiff's claims.***

The second step in this court's inquiry is to "consider whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Mitsubishi Motors Corp.*, 473 U.S. at 628. Plaintiff does not allege, and the court does not find, circumstances surrounding formation and execution of the Arbitration Agreement that foreclose arbitration of Plaintiff's claims. Although Plaintiff alleges actual fraud (ECF 27, *Amended Complaint,* ¶¶ 100-105), such allegations are with respect to the payment of a GAP insurance claim. Plaintiff does not claim he was fraudulently induced into entering the Arbitration Agreement; nor does he allege facts to support such a claim.

When the problem before the court is the "…construction of the contract language itself, or an allegation of waiver, delay, or a like defense to arbitrability … questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Mitsubishi Motors Corp., v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626 (1985). Consistent with the federal policy favoring enforcement of arbitration agreements, the court concludes that Plaintiff's claims against the Dealership-Defendants are subject to binding arbitration in accordance with the Arbitration Agreement.

## IV. CONCLUSION

For the reasons set forth herein, the Petition shall be granted by accompanying order, the parties shall proceed on Plaintiff's claims against the Dealership-Defendants in arbitration in accordance with the Arbitration Agreement, and Plaintiff's claims as against the Dealership-Defendants shall be dismissed. The balance of Plaintiff's Amended Complaint remains undisturbed and shall proceed against the remaining Defendants subject to further order of court.


      /s/ Julie R. Rubin_____
United States District Judge